UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE ADAN,<br><br>    Plaintiff,<br><br>    v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>    Defendant. | Case No.17-cv-01076-HSG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 40 |

On March 29, 2018, Plaintiff Jacqueline Adan requested leave to file a motion for reconsideration of the Court's order granting in part and denying in part a motion to dismiss by Defendant Kaiser Foundation Health Plan, Inc. Dkt. No. 40. In the March 6, 2018 order, as relevant here, the Court dismissed without prejudice Plaintiff's claims under ERISA, 29 U.S.C. § 1132(a)(1)(B), because she failed to exhaust her administrative remedies. *See* Dkt. No. 37 at 15. Plaintiff now seeks leave to file a motion for reconsideration because "the Court manifest[ly] fail[ed] . . . to consider material facts or dispositive legal arguments which were presented to the Court before it entered the order on Kaiser's motion to dismiss." *See* Dkt. No. 40 at 3 (quoting Civil L.R. 7-9(b)(3)) (internal quotation marks omitted) (original brackets and ellipses). The Court denies Plaintiff's motion.

A party seeking reconsideration of an interlocutory order must "show reasonable diligence in bringing the motion" and—as relevant here—"a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before" issuance of the challenged order. Civil L.R. 7-9(b)(3). "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party . . . in opposition to the interlocutory order which the party now seeks to have reconsidered." Civil L.R.

7-9(c).

Plaintiff's motion amounts to no more than a repetition and reframing of the arguments she made in opposition to Defendant's motion to dismiss. The Court's finding that Plaintiff failed to exhaust was premised in part on its conclusion that she "never submitted a claim within the meaning of the [relevant ERISA] regulation, [29 C.F.R. § 2560.503-1(e)]." *See* Dkt. No. 37 at 12-13. Plaintiff now contends that under the terms of Defendant's health plan, she *initiated* the claim process when she requested treatment from individual doctors—and that because Defendant failed to provide written notice when *those* requests were denied by the doctors, she was not required to exhaust Defendant's administrative process before bringing this ERISA action. *See* Dkt. No. 40 at 4-5. But this argument is inapposite. While it may be true that Defendant requires its members to first request services from their personal physician, *see* Dkt. No. 40 at 4, Plaintiff fails to show how such a request is a "claim" for purposes of exhaustion within the meaning of Defendant's Evidence of Coverage ("EOC") or the relevant implementing regulation, 29 C.F.R. § 2560.503-1. In other words, even if Plaintiff showed that she began the claims process, she has still failed to show that she completed it (or even attempted to complete it) for exhaustion purposes. *See* Dkt. No. 37 at 10-11, 13-15.

Plaintiff's argument that the Court should have granted leave to amend suffers a similar defect. It is premised on the notion that Defendant's "practice of using physicians to make frontline coverage decisions . . . [does] not comply with ERISA's claims handling procedures because Kaiser does not provide written or electronic notice of [the decisions]." *See* Dkt. No. 40 at 6. But as stated above, the Court is not persuaded that such "frontline coverage decisions" constitute a claim, either under the EOC or the relevant ERISA regulations.

//
//
//
//
//
//

2

In short, rather than demonstrate a "manifest failure" on the Court's part to "consider material facts or dispositive legal arguments," Plaintiff simply takes issue with the Court's characterization of her argument—a characterization which was based on allegations she made. A motion for reconsideration is not an appropriate vehicle by which to relitigate arguments made on a motion to dismiss.

Accordingly, for the foregoing reasons, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: 4/5/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge